IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD LOCKE, | : | CIVIL ACTION |
| | : | NO. 11-05833 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY N. DILLMAN, ET AL., | : | |
| | : | |
| Respondents. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                JANUARY 9, 2013

Ronald Locke ("Petitioner") is a prisoner at the State Correctional Institution in Frackville, Pennsylvania. Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Habeas Petition") challenging his custody. Magistrate Judge Sandra Moore Wells recommended denial of the Habeas Petition and Petitioner raised two objections. For the reasons that follow, the Court adopts Magistrate Judge Wells's Report and Recommendation.

**I.    BACKGROUND**

Petitioner is currently serving a prison term of 18-36 years based on convictions for third-degree murder, criminal conspiracy, and related firearms offenses. The convictions stem from an incident on December 8, 1999, in which he and a

confederate chased down a man named Arian McCullough, who had just purchased marijuana from drug dealers doing business on the block where Petitioner was standing. Report and Recommendation ("R&R"), ECF No. 10, 1; Gov't's Response to Pet. For Writ of Habeas Corp. 1, ECF No. 6. Petitioner shot McCullough in the back, fatally wounding him. R&R, 1. Petitioner was convicted in the Philadelphia Court of Common Pleas on November 17, 2003. Habeas Petition, ECF No. 1, 1. He timely appealed his judgment of sentence to the Pennsylvania Superior Court on March 30, 2005, where the judgment was affirmed. R&R, 2. The Pennsylvania Supreme Court denied Petitioner's request for allowance of appeal on September 29, 2005. Id.

On December 12, 2006, Petitioner, pro se, collaterally attacked his convictions under the Pennsylvania Post Conviction Relief Act ("PCRA"). Id. Court-appointed counsel filed an amended petition, alleging that trial counsel was ineffective for: (1) failing to file and litigate a motion to dismiss the charges against him for lack of a speedy/prompt trial; and (2) stipulating to the testimony of the Commonwealth's only eyewitness. Id. at 2, n.3. On July 15, 2009, the PCRA court issued a notice of its intent to dismiss the petition, without an evidentiary hearing, and on August 21, 2009, the court dismissed the petition. Id. at 2. The Pennsylvania Superior Court affirmed. Commonwealth v. Locke, 23 A.3d 1084 (Pa. Super.

Ct. 2011)(table). On August 24, 2011, the Pennsylvania Supreme Court denied his appeal. Commonwealth v. Locke, 611 Pa. 674 (Pa. 2011) (table).

On September 8, 2011, Petitioner filed the instant petition, pro se, asserting several claims for federal habeas relief under 28 U.S.C. § 2254. Pet. for Writ of Habeas Corp. 1-19 (hereinafter "Habeas Pet."), ECF No. 1. Petitioner raises claims of ineffective assistance of counsel at the trial level, the direct appeal level, and the state collateral appeal level. The Commonwealth responds that Petitioner's claims should be dismissed as untimely,[1] or in the alternative, that his procedurally defaulted and meritless claims should be dismissed or denied. Gov't's Resp., 8-22. Upon referral, Judge Wells issued a report and recommendation to deny the Habeas Petition on the merits. R&R, 4. Petitioner objected. Pet'r's Objections, ECF No. 12. The matter is now ripe for disposition.

---

[1] The Commonwealth argued that Locke's habeas corpus application was untimely as it was postmarked on September 12, 2011, and the last day for timely filing was September 9, 2011. Gov't's Resp. to Pet. for Writ of Habeas Corp. 10. Under the prisoner mailbox rule, a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Magistrate Judge Wells found that because Petitioner filed a copy of his "Postage Cash Withdrawal Request" signed on September 8, 2011, this was sufficient to prove that he had delivered his petition to prison officials for mailing on that date; hence, his petition was timely filed. R&R 3 n.5. Parties have not contested the Magistrate Judge's finding with respect to this issue so the Court will not revisit it.

3

## II. LEGAL STANDARD

The Court may refer an application for a writ of habeas corpus to a U.S. Magistrate Judge for a report and recommendation. Section 2254 R. 10 ("A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."); see also 28 U.S.C. § 636(b)(1)(B) (2006 & Supp. IV 2011). A prisoner may object to the magistrate judge's report and recommendations within fourteen days after being served with a copy thereof. See 28 U.S.C. § 636(b)(1); E.D. Pa. R. 72.1(IV)(b). The Court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court does not review general objections. See Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) ("We have provided that § 636(b)(1) requires district courts to review such objections de novo unless the objection is not timely or not specific." (internal quotation marks removed)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Therefore, the Court will conduct a de novo review of those portions of the Report and Recommendation to which Petitioner objects.

On habeas review, the Court must determine whether the state court's adjudication of the claims raised was (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d) (2006).

**III. DISCUSSION**

Magistrate Judge Wells recommends that Petitioner's habeas claims be denied without an evidentiary hearing, and that there is no probable cause to issue a certificate of appealability.

    A.    <u>Ineffective Assistance of Counsel: Right to a Unanimous Jury Verdict</u>

In Ground One, Petitioner asserts that his trial counsel was ineffective for failing to properly advise him of his right to a unanimous jury verdict. Habeas Pet. 8. He further asserts that his direct appellate and PCRA counsel were ineffective for failing to raise his trial counsel's ineffectiveness. <u>Id.</u> at 9. Respondents argue that Petitioners claims in Ground One are procedurally defaulted. Gov't's Resp. 16. The claims were never presented to any state appellate court for review, and are thus unexhausted. <u>Id.</u> Furthermore, Petitioner is now time-barred from pursuing state postconviction

remedies. Id.

       1.   Procedurally Defaulted Claims

Generally, a procedurally defaulted claim must be dismissed without review on the merits. See 28 U.S.C. § 2254(b)(1)(A). However, where a Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show that the court's failure to consider the claim would result in a "fundamental miscarriage of justice," a procedurally defaulted claim may succeed. Coleman v. Thompson, 501 U.S. 722, 748 (1991). "Cause" exists when Petitioner shows "some objective factor external to the defense impeded efforts to comply with the State's procedural rule." Slutzker v. Johnson, 393 F.3d 373, 381 (3d Cir. 2004). In Coleman, the Supreme Court held that ineffective assistance of counsel on collateral review does not constitute cause to excuse a procedural default. 501 U.S. at 753-54.

Since the time of Petitioner and Respondent's initial filings, the Supreme Court, in Martinez v. Ryan, recognized a narrow exception to its holding in Coleman.[2] 132 S. Ct. 1309

---

[2] In 2005, the Third Circuit presciently arrived at the same view in United States v. Booth, where the court remanded the case for an evidentiary hearing after the defense attorney allegedly failed to inform defendant of the option of an open plea. The court found that the alleged behavior potentially met both the deficiency and prejudice prongs of the test for ineffective assistance of counsel.

6

(2012). That is, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. Based on the failure of Petitioner's state post-conviction counsel to raise the ineffective assistance of his trial counsel on Ground One, Petitioner could establish cause to excuse his procedural default. For this reason, Magistrate Judge Wells appropriately conducted a de novo review of the merits of claims raised in Ground One.

    2.   Legal Standard: Ineffective Assistance of Counsel

The Sixth Amendment right to counsel is the right to effective assistance of counsel. E.g., Strickland v. Washington, 466 U.S. 668, 686 (1984). To warrant reversal of a conviction, a prisoner must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. See id. at 687; Holland v. Horn, 519 F.3d 107, 120 (3d Cir. 2008). The principles governing ineffective assistance claims under the Sixth Amendment apply in collateral proceedings attacking a prisoner's sentence. See Strickland, 466 U.S. at 697-98.

To prove deficient performance, a prisoner must show that his "counsel's representation fell below an objective standard of reasonableness." Id. at 688. The Court will consider

whether counsel's performance was reasonable under all the circumstances. Id. Furthermore, the Court's "scrutiny of counsel's performance must be highly deferential." See id. at 689. That is, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In raising an ineffective assistance claim, the petitioner must first identify the acts or omissions alleged not to be the result of "reasonable professional judgment." Id. at 690. Next, the court must determine whether those acts or omissions fall outside of the "wide range of professionally competent assistance." Id. at 690.

"[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). A petitioner rebuts this presumption by showing either that his counsel's "conduct was not, in fact, part of a strategy or by showing that the strategy employed was unsound." Thomas v. Varner, 428 F.3d 491, 499-500 (3d Cir. 2005). When the record does not disclose counsel's actual strategy the presumption is rebutted by a "showing that no sound strategy . . . could have supported the conduct." Id. at 500.

To prove prejudice, a convicted defendant must affirmatively prove that the alleged attorney errors "actually

8

had an adverse effect on the defense." Id. at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

If Petitioner fails to satisfy either prong of the Strickland test, there is no need to evaluate the other part, as his claim will fail. Id. at 697.

   3. Analysis

"At a minimum, a defendant should be informed that a jury is composed of 12 members of the community, he may participate in the selection of jurors, [and] the verdict of the jury must be unanimous. . . ." United States v. Lilly, F.3d 190, 198 (3d Cir. 2008) (quoting United States v. Martin, 704 F.2d 267, 274-75 (6th Cir. 1983)). In reviewing the record, Magistrate Judge Wells found that Petitioner voluntarily waived his right to a jury trial after a lengthy colloquy before the Honorable Sheila Woods-Skipper. R&R, 9-11 (quoting extensively the colloquy).[3] Judge Wells reviewed the transcript of the

---

[3]  During the colloquy, the Court asked Petitioner whether he understood that he was waiving his right to a jury trial, whether he had reviewed the contents of the written jury trial waiver colloquy form and the waiver of jury trial form with his lawyer, whether he had signed said documents, whether his lawyer his lawyer had explained to him "how a jury is

9

colloquy, along with the "Written Jury Trial Waiver Colloquy" and "Waiver of Jury Trial" forms, both of which were signed and dated November 12, 2003, and explicitly described Petitioner's right to a unanimous jury verdict in the event that he opted for a jury trial. R&R, 11-12, nn.9-10. Furthermore, Petitioner's trial counsel stated, on the record, prior to the state court's colloquy, that he had reviewed these forms with Petitioner and that Petitioner understood his right to a jury trial. R&R, 12. Based on the record, Judge Wells found that Petitioner failed to demonstrate any deficiency in his trial counsel's performance. R&R, 12.

Petitioner objects to Judge Wells's finding, arguing that the record does not show full discussion between Petitioner and his counsel regarding his right to a jury trial. Pet'r's Objections 1. He further argues that he is entitled to an evidentiary hearing as the current record is undeveloped and therefore legally inadequate. Id. at 2. This argument is unavailing, however, where there are no material facts in dispute and the record is already sufficient to make the determination that counsel was effective.[4]

---

selected" and the "jury deliberation process," and whether he was satisfied with the representation of his lawyer. R&R, 9-11.

[4] The cases Petitioner cites involve instances in which the existing record was insufficient and Petitioner alleged facts, which if proved, would entitle him to relief. See, e.g.,

The Court agrees with Judge Wells's finding that trial counsel effectively informed Petitioner of his right to a unanimous jury verdict. Petitioner cites Pennsylvania law in arguing that the Court should look to the totality of the circumstances surrounding Petitioner's waiver of a jury trial, and thus should look beyond the on-the-record colloquy. Pet'r's Objections 2 (citing Commonwealth v. Foreman, 797 A.2d 1005, 1015 (Pa. Super. 2002)). In the very case Petitioner cites, however, the Superior Court of Pennsylvania deemed it sufficient that the appellant had signed a waiver-of-jury-trial form and did not object when his counsel indicated to the court that appellant desired a bench trial. Foreman, 797 A.2d at 1015. Based on a review of the record in the instant case, it is clear that Petitioner knowingly, intelligently, and voluntarily waived his right to a jury trial and an unanimous jury verdict. As Judge Wells stated, the record belies Petitioner's claim that trial counsel's performance was deficient. R&R, 13.

Because trial counsel was not ineffective for failing to adequately advise Petitioner of his right to a unanimous jury

---

Townsend v. Sain, 372 U.S. 293, 312 (1963) (finding that evidentiary hearing was necessary where a factual dispute remained over the voluntariness of petitioner's prior confession). Here, Petitioner alleges that the existing facts are insufficient to show that his trial counsel adequately informed him of his right to a unanimous jury verdict. The Court, however, disagrees.

verdict, direct appellate and PCRA counsel cannot be deemed ineffective for failing to present an unmeritorious claim regarding trial counsel's performance. See Parrish v. Fulcomer, 150 F.3d 326, 328-29 (3d Cir. 1998).

> B. Ineffective Assistance of Counsel: Failing to File and Litigate a Motion to Dismiss All Charges for Lack of a Speedy Trial

In his initial habeas petition, Petitioner asserted that his trial counsel was ineffective for failing to file and litigate a motion to dismiss all charges filed against him due to the lack of a speedy trial. Habeas Pet. 10. The Pennsylvania Superior Court reviewed this claim on Petitioner's appeal of his PCRA petition and found that the underlying claim lacked merit. Therefore, trial counsel could not be deemed ineffective for failing to pursue the unmeritorious claim. In her report and recommendation, Judge Wells determined that the Court is bound by the state appellate court's finding regarding Petitioner's underlying claim because it involved a state procedural rule. R&R, 17. As such, Judge Wells recommended that the Court deny Petitioner's habeas claim since trial counsel cannot be deemed ineffective for failing to pursue an unmeritorious claim. Id. (citing Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004)).

In his second objection to Judge Well's report and recommendation, Petitioner appears to state that he intended to

12

assert an ineffective assistance of counsel claim involving the violation of his constitutional right to a speedy trial, rather than of a state procedural rule. Pet'r's Objections 3-4. It appears that in his initial PCRA petition in the state appellate court, Petitioner raised speedy trial claims under both state law and the U.S. Constitution, but the Pennsylvania Superior Court only engaged in analysis under state law. See CP-51-CR-1003451-2000, Am. Pet. Under Post-Conviction Relief Act, 2; Commonwealth v. Locke, CP-51-CR-10003451-2000, at 5-8 (Pa. Super. Ct. Jan. 19, 2011). Judge Wells similarly only addressed Petitioner's state law claim. R&R, 15-17. Below, the Court undertakes a constitutional analysis of Petitioner's claim, but the outcome remains the same: Petitioner did not suffer a violation of his right to a speedy trial.

In considering a habeas petitioner's Sixth Amendment rights, the Third Circuit has stated, "[w]e can take no cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implement a federal constitutional guarantee." Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991). Instead, courts use the four-factor test established by the Supreme Court in Barker v. Wingo, 407 U.S. 514 (1972). We consider: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right; and (4)

13

whether the defendant suffered prejudice as a result of the delay. Id. at 530.

The length of the complained of delay is, to a certain degree, a threshold issue, because without any delay, there is no need to examine the other factors. Id. The inquiry is case-specific as different lengths of delay will be tolerated depending on the severity level of the crime alleged. Id. at 531. Courts look at whether the case was prosecuted "with customary promptness." Doggett v. United States, 505 U.S. 647, 652 (1992).

In this instance, 503 days of the delay were requested by Petitioner's trial counsel. Commonwealth v. Locke, CP-51-CR-10003451-2000, at 6-7 (Pa. Super. Ct. Jan. 19, 2011). "When the reason for the delay originates with the defendant or his counsel, such delay will not be considered for purposes of determining whether the defendant's right to a speedy trial has been infringed." Wells v. Petsock, 941 F.2d 253, 258 (3d Cir. 1991). Therefore, the 503 day delay requested by Petitioner's trial counsel does not enter into the analysis for whether Petitioner's rights were violated. The 329 days of delay "caused by congested court dockets [and] judicial delay," however, are considered. Commonwealth v. Locke, CP-51-CR-10003451-2000, at 6-7. "Unintentional delays caused by overcrowded court dockets or understaffed prosecutors are among the factors to be weighed

14

less heavily than intentional delay, calculated to hamper the defense, in determining whether the Sixth Amendment has been violated." Strunk v. United States, 412 U.S. 434, 436 (1973) (citations omitted).

Turning to the third and fourth factors to be considered under the Barker test, Petitioner did not assert his right to a speedy trial until his collateral appeal, nor has he sufficiently stated how he was prejudiced by the delay he suffered. In his objections to Judge Well's Report and Recommendation, Petitioner states that as a result of the Commonwealth's failure to bring him to trial in a timely manner, he was unable to secure the testimony of potentially exculpatory witnesses and good character witnesses. Pet'r's Objections 3-4. Petitioner does not specify who these witnesses are, why they were unavailable at the time of trial, or what they would have said if they had testified. The Court cannot find that Petitioner was prejudiced based on these vague allegations. Consequently, Petitioner has not sufficiently shown that his constitutional right to a speedy trial was violated.

Trial counsel is not ineffective for failing to raise an unmeritorious claim. See Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004); Parrish v. Fulcomer, 150 F.3d 326, 328-29 (3d Cir. 1998). The Court agrees with Judge Wells that

less heavily than intentional delay, calculated to hamper the defense, in determining whether the Sixth Amendment has been violated." Strunk v. United States, 412 U.S. 434, 436 (1973) (citations omitted).

Turning to the third and fourth factors to be considered under the Barker test, Petitioner did not assert his right to a speedy trial until his collateral appeal, nor has he sufficiently stated how he was prejudiced by the delay he suffered. In his objections to Judge Well's Report and Recommendation, Petitioner states that as a result of the Commonwealth's failure to bring him to trial in a timely manner, he was unable to secure the testimony of potentially exculpatory witnesses and good character witnesses. Pet'r's Objections 3-4. Petitioner does not specify who these witnesses are, why they were unavailable at the time of trial, or what they would have said if they had testified. The Court cannot find that Petitioner was prejudiced based on these vague allegations. Consequently, Petitioner has not sufficiently shown that his constitutional right to a speedy trial was violated.

Trial counsel is not ineffective for failing to raise an unmeritorious claim. See Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004); Parrish v. Fulcomer, 150 F.3d 326, 328-29 (3d Cir. 1998). The Court agrees with Judge Wells that

Petitioner's ineffective assistance of counsel claim is unavailing.

**IV.   CERTIFICATE OF APPEALABILITY**

The Court will not issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of his constitutional rights. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

**V.   CONCLUSION**

For the reasons provided, the Court approves and adopts Judge Wells's Report and Recommendation, overrules Petitioner's objections thereto, and denies the Petition for a Writ of Habeas Corpus without an evidentiary hearing. The Court will not issue a Certificate of Appealability.